```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
ROBERT SCULLY, et al.,
                                *
     Plaintiffs,
                                *
          v.                        CIVIL NO.: WDQ-09-2139
                                *
RICHARD FOSTER, et al.,
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Robert Scully and Kevin Scully sued Richard Foster, Joseph Mathews, and others for breach of contract and breach of fiduciary duties.  Pending is the Plaintiffs' motion for a temporary restraining order.  For the reasons stated at the motions hearing and below, the motion was denied.

I.   Background

In 1997, the Plaintiffs, citizens of Florida and Texas, founded Gourmet Express, LLC ("Gourmet Express").  V. Compl. ¶ 11.  Gourmet Express is a Texas limited liability company that sells frozen dinner entrees to private label companies and commercially under the name "Gourmet Dining."  *Id.*

In January, 2008, Gourmet Express was sold and recapitalized.  *Id.* at ¶ 12.  The Plaintiffs bought a minority interest in the new owner of Gourmet Express, Defendant Gourmet Express Acquisition Fund ("GEAF"), a Maryland limited liability

1

corporation.[1]  *Id.* at ¶¶ 5, 13.  The Plaintiffs contracted with Gourmet Express to serve in its management.  Def. Resp. at 4; Attach. A, B.  Under the GEAF Operating Agreement, GEAF became the General Manager of Gourmet Express, and Ilex Capital became the General Manager of GEAF.  *Id.* at ¶ 14, Ex. D ¶ 5.1.1; Def. Resp, Attach. A, B.

On July 23, 2007, Mathews and Foster hired Bradley Jackson as the General Manager of Gourmet Express.  *Id.* at ¶ 27.  The parties disagree as to whether Mathews and Foster--as representatives of Ilex Capital--had authority to hire Jackson.  *Id.* at ¶ 27; Def. Resp. at 4 (citing Pl. Ex. D ¶ 5.1, Ex. E ¶ 5.2.2).  On July 27, 2009, Gourmet Express employees refused to work for Jackson.  *Id.* at ¶ 29.  Jackson was locked out of the Gourmet Express Plant in Greenville, Kentucky.  Def. Resp. Ex. 2.

The Plaintiffs contend that on July 27, 2009, Mathews and Foster unlawfully: (1) elected themselves to a newly created Gourmet Express Board of Directors; and (2) adopted a "Unanimous

---

[1] There are three classes of GEAF units: Class A, Class B, and common.  Defendant Ilex Partners Fund owns 55,888 common units and controls two of the five GEAF board seats.  V. Compl. at ¶¶ 13, 16, Ex. E ¶ 5.1.1.  Foster and Mathews control Ilex Partners Fund.  *Id.* at ¶¶ 4, 5, 13.  The Plaintiffs own 44,112 common units of that fund, and one of the Scullys holds one of the common unit board seats. *Id.* at ¶¶ 16, 18, 21.

A group of investors owns all GEAF's Class A units and controls the two GEAF board seats held by Foster and Mathews. Mathews or Foster holds a common unit board position.  *Id.* at ¶¶ 13, 16, Ex. E ¶ 5.1.2(i)(A); Def. Resp. at 3.  The Plaintiffs own all GEAF's Class B units and control one of the Class B board seats.  *Id.*, Ex. E ¶ 5.1.2(ii)(A).

Consent of the Board of Directors" to terminate the Plaintiffs' Gourmet Express employment. *Id.* at Ex. I.

On July 31, 2009, the Muhlenberg County Circuit Court for the Commonwealth of Kentucky temporarily restrained the Plaintiffs' management of Gourmet Express. Def. Resp. Ex. 4. On August 13, 2009, the Plaintiffs filed this suit and moved for temporary and preliminary relief under 28 U.S.C. § 1332, alleging breach of employment contracts and breach of fiduciary duties.[2] On August 19, 2009, the Kentucky court permanently enjoined the Scullys from managing Gourmet Express.

## II. Analysis

### A. Standard of Review

Temporary injunctive relief should be granted only in limited circumstances when there is a need to protect the status quo and prevent irreparable harm. *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 529 (4th Cir. 2003). Determining whether to issue a temporary restraining order requires the consideration of the likelihood of: (1) irreparable harm to the Plaintiffs if the injunction is denied; (2) harm to the Defendants if the injunction is granted; (3) the Plaintiffs' success on the merits; and (4) the public interest. *Id.* at 526.

---

[2] In their reply memorandum and at oral argument, the Plaintiffs acknowledged that the Kentucky injunction mooted this Court's consideration of the Anti-Injunction Act. *See* Pl. Resp. at 2-4.

3

Harm to the Plaintiffs and to the Defendants are the two most important factors; the likelihood of success is less important when the balance of harm strongly favors one party. *Id.* The Plaintiffs bear the burden of showing that each factor supports granting the injunction. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). "Only if the balance tilts decidedly in favor of the [movant] is a right to preliminary injunctive relief warranted." *Id.* at 816 (internal quotations omitted).

   B.   Balance of Harms

The Plaintiffs contend that they will suffer irreparable harm unless the Court orders GEAF to convene a Board of Directors meeting to consider and vote on the July 23, 2009 amendment to the Operating Agreement and subsequent termination of the Plaintiffs' employment.

   The GEAF Operating Agreement defines irreparable injury as the breach of any provision of the Agreement. *Id.* at 6; V. Compl. Ex. E at 29, ¶ 10.3. The Operating Agreement does not require Board meetings. Rather, § 5.1.5.1(A) states that the "Board may hold meetings. . .." *Id.* at § 5.1.5.1(A). Accordingly, the failure to hold a Board meeting is not necessarily a breach of the Operating Agreement. The loss of the Scullys' right to cast a minority vote at a Board meeting to which they have no clear entitlement is not an irreparable

injury.

The Plaintiffs' requested relief would interfere with Ilex Capital's authority as GEAF's General Manager under § 5.2.1 of the Operating Agreement and GEAF's authority as General Manager of Gourmet Express. The balance of harms favors the Defendants. The Plaintiffs have not carried their burden under *Blackwelder*. *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mgf. Co., Inc.*, 550 F.2d 189, 196 (4th Cir. 1977).

    C.   Likelihood of Success on the Merits

When the balance of harms does not favor the movant, the Court looks to the movant's likelihood of success on the merits to determine whether temporary injunctive relief is warranted. *Blackwelder*, 550 F.2d at 196. Given the GEAF Operating Agreement, it appears that the Plaintiffs have a limited likelihood of success on the merits.

    D.   The Public Interest

The public interest is not a consideration in this private litigation. *See Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 367 (4th Cir. 1991).

III. Conclusion

    For the reasons stated above, the Plaintiffs' motion for a temporary restraining order was denied on August 20, 2009.


<u>August 21, 2009</u>                                    <u>         /s/         </u>

Date                                             William D. Quarles, Jr.
                                                 United States District Judge